■ MARY NOTAFRANCESCO et al., Respondents, v. HARM VAN BRUGGEN, Appellant.— HERLIHY, J. In these motor vehicle negligence actions, the defendant appeals and requests reversal of the judgment (which includes awards to the plaintiff-driver, infant passenger and property damage) and a dismissal of the complaint. The accident happened at the intersection of Wisner and Highland Avenues in the City of Middletown at approximately 3:40 P.M. on October 26, 1962. It was daylight, cloudy and the road may have been wet. The plain-

tiff, driving west on Wisner Avenue (a two-lane road), testified that she stopped her automobile at a stop sign approximately 30 feet from the easterly edge of Highland Avenue (a four-lane road) and as she started her automobile she looked to the left a distance of approximately 200 feet and not seeing any approaching automobile, she continued onto the intersection at a speed of approximately 5–10 miles an hour and had nearly reached the middle of Highland Avenue (a total distance from the stop sign of approximately 50 feet) when she saw defendant's automobile approaching at a fast rate of speed (estimated at 35–40 miles per hour; stipulated damage to plaintiff's automobile $692.76), pulled her automobile to the right but it was struck on the left front side. The defendant testified that he was driving north on Highland Avenue at a speed of 20–25 miles per hour. He approached the intersection and was approximately 30 feet south thereof when he observed plaintiff's automobile suddenly come out of Wisner Avenue without stopping and drive directly into his path; that he pulled to the left but the automobiles collided. From these two contradictory allocutions as to how this accident happened, the jury elected to accept plaintiff's version and as to that part of the judgment awarding damages to the infant plaintiff, the derivative action and the property damage to the absentee owner, it should be affirmed. The contributory negligence of the plaintiff driver presents a more difficult problem. At first blush it would appear that both drivers were not operating their automobiles in a prudent and careful manner but from the viewpoint of the jury, which saw and heard the witnesses and had the opportunity to note their demeanor and form an opinion as to credibility, it would be possible to decide that the plaintiff did stop her automobile at a reasonable location near the intersection and that as she started to proceed, she looked to the left about 200 feet — uncontroverted — saw no approaching vehicle; proceeded onto Highland Avenue — 50 or more feet wide — and had crossed a substantial part of the easterly portion of the road when she was struck by the fast moving automobile of the defendant who gave no reason for not seeing the plaintiff's automobile until within 30 feet of the intersection. The jury, accepting this version of the accident, could and apparently did decide that the plaintiff driver was not guilty of negligence and while some other jury might have decided otherwise, that is not the test of reasonable care. The defendant received a fair trial and the request to charge as to not seeing, to which he excepted and now complains, is not material as, in our opinion, the charge given by the court was as favorable to the defendant. While the issue as to the negligence of the plaintiff driver was close, a reading of the record is convincing that the trial court's refusal to set aside the verdicts, under the circumstances, was proper and that the judgment should be affirmed. We further note that the only exhibits before the court were plaintiffs' No. 6 and No. 7, made a part of the record. Judgment affirmed, with costs. Gibson, P. J., Reynolds, Taylor and Aulisi, JJ., concur.